UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALCOLM R LEE MELVIN,<br><br>Petitioner<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. EDCV 16-800-AG (GJS)<br><br>ORDER DISMISSING PETITION WITHOUT PREJUDICE |

Malcolm R Lee Melvin ("Melvin") is a federal prisoner incarcerated within this district. He filed a putative 28 U.S.C. § 2241 petition on April 26, 2016 ("Petition"), asserting that he is entitled to seek Section 2241 habeas relief pursuant to the 28 U.S.C. § 2255 "savings clause." More specifically, Melvin argues that his federal conviction has been rendered invalid by the Supreme Court's decision in "*Johnson v. United States*," and he cites both *Johnson v. United States*, 130 U.S. 1265 (2010), and *Johnson v. United States*, 135 S. Ct. 2551 (2015). Melvin contends that: 18 U.S.C. § 924(c) contains overly broad language; the offense of which he actually was convicted is uncertain; under the 2015 *Johnson* decision, the "residual clause" in 18 U.S.C. § 924(c) is unconstitutionally vague; and he is "actually innocent" of this crime due to the *Johnson* decision.

Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the federal dockets and filings available through the PACER system. These records show that, in a December 2011 jury trial in Case No. 4:11-cr-00079-RBH, Melvin was convicted in the United States District Court for the District of South Carolina ("Sentencing Court") of multiple violations of 18 U.S.C. §§ 1951 and 924(c) ("Conviction"). He appealed, and the United States Court of Appeals for the Fourth Circuit affirmed the Conviction on January 29, 2013. Melvin filed a motion in the Sentencing Court on January 31, 2014, seeking an extension of time to file a Section 2255 motion to vacate the Conviction. The Sentencing Court denied the motion on February 4, 2014, and the Fourth Circuit affirmed that ruling on April 29, 2014.

On April 25, 2016 – the day before the instant Petition was filed – Melvin filed a Section 2255 motion in the Sentencing Court ("Section 2255 Motion"). The Court has compared the 2255 Motion and the Petition and they are essentially identical, including as to certain shared typographical errors[1] and Melvin's failure to sign both documents, in violation of Fed. R. Civ. P. 11(a). On April 25, 2016, the Sentencing Court ordered Melvin to file an amended version of his Section 2255 Motion within 30 days, utilizing the court's forms for "Section 2255 petitions." The relief sought by the Section 2255 Motion and the Petition is the same, namely, to vacate the Conviction.

Melvin, thus, has duplicative requests for habeas relief pending in two different courts. The Section 2255 Motion, however, was filed before the instant Petition.

---

[1] For example, on the second page of both filings, Melvin cites the 2010 *Johnson* decision as "559, US 133, 130 S. Ct. 1265, 176 L. Ed. 2d 1 (2015), and asserts that it was rendered on "June 26, 2016."

2

# DISCUSSION

## I. The Petition Should Be Dismissed, Because It Is Duplicative.

A federal court has the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 57 S. Ct. 163, 166 (1936). In the federal court system, "the general principle is to avoid duplicative litigation." *Colorado River Water Conservation Dist. v. United States*, 96 S. Ct. 1236, 1246 (1976). Courts "usually avoid duplicative litigation when similar cases are pending in two different *federal* courts." *R.R. Street & Co., Inc. v. Transport Ins. Co.*, 656 F.3d 966, 974-75 (9th Cir. 2011).

A federal district court has discretion to dismiss, stay, or transfer a case to another district court under the first-to-file rule. *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir.1982). The first-to-file rule is "a generally recognized doctrine of federal comity, which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Id.* ("Normally sound judicial administration would indicate that when two identical actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit and no purpose would be served by proceeding with a second action."). The rule is designed to alleviate the burden placed on the federal judiciary by duplicative litigation and to prevent the possibility of conflicting judgments. *Church of Scientology of Cal. v. U.S. Dep't of Army*, 611 F.2d 738, 750 (9th Cir.1979).

> The first-to-file rule is intended to serve the purpose of promoting efficiency well and should not be disregarded lightly. When applying the first-to-file rule, courts should be driven to maximize economy, consistency, and comity. The first-to-file rule may be applied when a complaint involving the same parties and issues has already been filed in another district. Thus, a court

> analyzes three factors: chronology of the lawsuits, similarity of the parties, and similarity of the issues.

*Kohn Law Group, Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239-40 (9th Cir. 2015) (internal citations, quotation marks, and alterations omitted).

A district court may exercise its discretion to control its docket by dismissing a duplicative, later-filed action. *Adams v. California Dep't of Health Service*, 487 F.3d 684, 688 (9th Cir. 2007); *see also Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) ("[a]s part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit").

The Section 2255 Motion was filed first in time. The parties and issues are identical in both the Section 2255 Motion action and this action. This Court has no connection to Melvin other than the fortuity that he was transferred to a prison within this district. The court in which the Section 2255 Motion is pending, however, has a direct connection to Melvin, as it was in that district that he suffered the Conviction he now argues is invalid. The Sentencing Court, plainly, is the more appropriate forum to consider and resolve the issues raised by Melvin through his duplicative actions.

The Court concludes that application of the first-to-file rule is warranted here and favors dismissal of the Petition. Melvin's initiation of identical habeas actions in two different districts is wholly antithetical to principles of judicial economy. By filing two separate yet identical actions, Melvin will cause an unnecessary duplication of effort by two federal courts and their personnel and a waste of scarce judicial resources. There is no legitimate reason for Melvin to raise his present claims, and to require two federal courts to address them, twice in separate cases.

As comity is not served by allowing this action to proceed in addition to the identical action filed first in the Sentencing Court, the Court concludes that this action should be dismissed without prejudice. *See Alltrade, Inc. v. Uniweld Prods. Inc.*, 946 F.2d 622, 623 (9th Cir. 1991) (the first-to-file rule gives courts the power

to dismiss a duplicative case).

## II. <u>An Additional Reason Favors Dismissal</u>

A motion under Section 2255) generally is the exclusive post-appeal mechanism by which a federal prisoner may challenge the legality of his conviction or sentence. *See Muth v. Fondren*, 676 F.3d 815, 818 (9th Cir. 2012); *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008). A Section 2241 habeas petition may be filed by a federal prisoner to attack the "execution of his sentence," but not to attack its validity. *White v. Lambert*, 370 F.3d 1002, 1009 (9th Cir. 2004); *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). There is, however, "one exception" to the generally exclusive nature of the Section 2255 remedy for federal prisoners who wish to challenge the validity of their convictions and/or sentences. *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006). Section 2255 contains a "savings clause" or "escape hatch," which allows a federal prisoner to seek Section 2241 relief when a Section 2255 motion is "inadequate or ineffective to test the legality of his detention." *See id.; see also Muth*, 676 F.3d at 818; *Harrison*, 519 F.3d at 956. A finding that Section 2255 is an inadequate or ineffective remedy constitutes "a narrow exception" to the rule that Section 2255 provides a federal prisoner's exclusive remedy for challenging a conviction and/or sentence. *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997); *see also Ivy v. Pontesso*, 328 F.3d 1057, 1069 (9th Cir. 2003).

The Ninth Circuit has construed the "inadequate or ineffective" language narrowly and made clear that it does not serve as a mechanism for either circumventing the procedural limitations on Section 2255 motions or obtaining a second chance to present a claim already denied on the merits. *See, e.g., Ivy*, 328 F.3d at 1059; *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000). The Ninth Circuit has concluded that the Section 2255 remedy qualifies as inadequate or ineffective only "'when a petitioner (1) makes a claim of actual innocence, and (2)

has not had an unobstructed procedural shot at presenting that claim.'" *Harrison*, 519 F.3d at 959 (citation omitted); *see also Muth*, 676 F.3d at 819. The petitioner bears the burden of proving the inadequacy or ineffectiveness of the Section 2255 remedy. *See Redfield v. United States*, 315 F.2d 76, 83 (9th Cir. 1963).

Melvin has not met that burden here, nor can he do so. The existence of the Section 2255 Motion action precludes a finding that Section 2255 is an inadequate or ineffective remedy for Melvin. Given the pendency of that case, the Court cannot find that Petitioner "has not had an unobstructed procedural shot at presenting" his current claim. Whether or not the Sentencing Court ultimately grants Petitioner relief pursuant to the Section 2255 Motion is beside the point at this juncture. The fact remains that Petitioner presently *is* pursuing Section 2255 relief based on allegations identical to those in the instant Petition, and thus, there is no basis for concluding that the Section 2255 remedy is inadequate and ineffective for him. Accordingly, Section 2241 jurisdiction is lacking and dismissal on this basis is warranted.

\* \* \* \* \*

For the foregoing reasons, the Petition must be, and is, DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 31, 2016

_____
ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

6